

LODGED
RECEIVED          COPY

MAR 2 4 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Stephan M. Nitz, Esquire
Florida Bar No.: 045561
Schwartz Zweben LLP
3876 Sheridan Street
Hollywood, FL 33021
(954)-966-2483 –Telephone

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

CHARLES DYMOND and JUDI DYMOND,

                         Plaintiffs,

vs.

KJDJ ENTERPRISES – THE COFFEE EXCHANGE,
INC., an Arizona corporation, d/b/a COFFEE X CHANGE,

                         Defendant.

_____/

CASE NO.:

**CIV 08 -204 TUC FRZ**

## COMPLAINT

Plaintiffs, CHARLES DYMOND and JUDI DYMOND ("Plaintiffs"), by and through her undersigned counsel, hereby file this Complaint and sue KJDJ ENTERPRISES - THE COFFEE EXCHANGE, INC., an Arizona corporation, d/b/a The COFFEE X CHANGE, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

1

2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for Arizona.

3.      Plaintiffs, CHARLES and JUDI DYMOND (hereinafter referred to as "Plaintiffs") are a married couple, who are residents of the State of Arizona, more specifically, reside in Pima County, and are qualified individuals with a disability under the ADA. Plaintiffs both suffer from post-polio syndrome, require the use of wheelchairs to ambulate and therefore suffer from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations.  Prior to instituting the instant action, Plaintiffs personally visited the Defendant's premises, **The Coffee X Change, located at and around 2443 Campbell Ave, Tucson, AZ** (hereinafter referred to as the "RESTAURANT"), and were denied full, safe and equal access to the subject property of Defendant which is the subject of this lawsuit due to the barriers to of access which exist.  Plaintiffs continue to desire and intend to visit the RESTAURANT but continue to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, KJDJ ENTERPRISES-THE COFFEE EXCHANGE, INC., an Arizona corporation d/b/a The Coffee X Change, (hereinafter referred to as "KJDJ ENTERPRISES") is authorized to conduct and is conducting business in the State of Arizona.  Upon information and belief, KJDJ ENTERPRISES is the owner and/or operator of the real property and improvements that is the subject of this action, to wit: the RESTAURANT.

5.      All events giving rise to this lawsuit occurred in the District of Arizona.

## COUNT I - VIOLATION OF THE AMERICANS

## WITH DISABILITIES ACT

6.     Plaintiffs expressly reassert and re-aver the contents of paragraphs 1-5 herein.

7.     On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

8.     Congress found, among other things, that:

　　(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

　　(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

　　(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

　　(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

　　(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to

3

compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

9.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment, owned and operated by KJDJ ENTERPRISES is a place of public accommodation in that it is a RESTAURANT, which provides accommodations and services to the public.

11.    Defendant, KJDJ ENTERPRISES has discriminated, and continues to discriminate against the Plaintiffs, by denying them access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the RESTAURANT in derogation of 42 U.S.C. §12101 et. seq.

12.    The Plaintiffs have been unable to and continue to be unable to enjoy access to and the benefits of the services offered at the RESTAURANT. Prior to the filing of this lawsuit, Plaintiffs visited the RESTAURANT and were denied full, safe and equal access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiffs continue to desire and

intend to visit the RESTAURANT, but continue to be injured in that they are unable to and continue to be discriminated against due to the barriers to access that remain at the RESTAURANT in violation of the ADA. PLAINTIFFS have now and continue to have reasonable grounds for believing that they have been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

13.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

14.    KJDJ ENTERPRISES is in violation of 42 U.S.C. §12181 et. seq. and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiffs as a result of inter alia, the following specific barriers to access:

- There are no accessible seating positions at the exterior of the restaurant;
- There are no accessible seating positions at the interior of the restaurant;
- The signage at the accessible parking space provided is not high enough and is not designated as a van accessible parking space;

**Men's toilet room**

- There is no accessible signage at the entrance door;
- The hardware provided on the entrance door and the lavatory require twisting and/or grasping of the wrist to operate;
- There is insufficient knee clearance underneath the lavatory;
- The toilet seat is too low;

**Women's toilet room**

- There is no accessible signage at the entrance door;
- The hardware provided on the entrance door and the lavatory require twisting and/or grasping of the wrist to operate;
- There is insufficient knee clearance underneath the lavatory;
- The toilet seat is too low.

15.    The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiffs and/or which exist at the RESTAURANT as the Plaintiffs are not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said barriers to access and discriminatory acts violating the ADA be identified.

16.    To date, the readily achievable barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17.    Pursuant to the ADA 42, U.S.C. §12101 et. seq., and 28 C.F.R. §36.304 KJDJ ENTERPRISES was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, KJDJ ENTERPRISES has failed to comply with this mandate.

18.    The Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have their reasonable attorney's fees, costs and expenses paid by KJDJ ENTERPRISES pursuant to 42 U.S.C. §12205.

19.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE**, the Plaintiffs demand judgment against KJDJ ENTERPRISES and request the following injunctive and declaratory relief:

A.    That the Court declares that the property owned and administered by KJDJ ENTERPRISES is violative of the ADA;

B.    That the Court enter an Order directing KJDJ ENTERPRISES to alter the subject facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing KJDJ ENTERPRISES to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated: March 21, 2008

Respectfully submitted,

Stephan M. Nitz
Florida Bar No.: 045561
Schwartz Zweben LLP
3876 Sheridan Street
Hollywood, FL 33021
(954)-966-2483 -Telephone
(954)-966-2566- Facsimile
snitz@szalaw.com